# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-03906-RGK-E | Date | August 02, 2017 |
|---|---|---|---|
| Title | *Domingo Avalos v. XPO Cartage, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion to Remand

## I. INTRODUCTION

On March 29, 2016, Domingo Avalos ("Avalos") filed wage claims against XPO Cartage, Inc. ("XPO") with the California Labor Commissioner, and was awarded $171,938.25 in damages. On April 25, 2017, XPO appealed the administrative decision in state court. On May 24, 2017, XPO removed the claim to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

On June 22, 2017, Avalos moved to remand, claiming that XPO forfeited its right to a federal forum by filing its appeal in state court.

## II. FACTUAL BACKGROUND

The parties allege the following facts:

On March 29, 2016, Avalos filed a complaint with the California Labor Commissioner asserting multiple wage claims. (Def.'s Mot. Rem. ¶ 1, ECF No. 1.) On December 20, 2016, the commission found in Avalos's favor, awarding him $171,938.25 in damages. (Pl.'s Opp'n 2:24–25, ECF No. 15.)

XPO was notified of the decision on April 14, 2017, and on April 25, 2017, filed a timely appeal in state court. (*Id.* at 3:2–3.) On May 24, 2017, XPO removed this claim to federal court pursuant to 28 U.S.C §§ 1441, 1332, and 1446. (*Id.* at 3:8–10.)

## III. JUDICIAL STANDARD

Removal jurisdiction is governed by statute, and can be initiated only by a defendant. *See* 28 §§ U.S.C. 1441. A defendant may remove a case to federal court when the federal court has original jurisdiction. *Id.* However, federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of the evidence that removal is proper. *Id.*

## IV. DISCUSSION

Avalos sought relief from XPO by filing administrative wage claims with the California Labor Commissioner, and was awarded relief in the amount of $171,938,25. XPO appealed this award in state court and subsequently removed its

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-03906-RGK-E | Date | August 02, 2017 |
|---|---|---|---|
| Title | *Domingo Avalos v. XPO Cartage, Inc.* | | |

appeal to federal court. Therefore, the question before the court is: Whether California Labor Code § 98.2, which grants parties the right to appeal administrative awards in a state forum, prohibits parties from filing these same administrative appeals in a federal forum. The Court finds that it does not.

District courts have original jurisdiction of "*all* civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332 (emphasis added). *De novo* reviews of administrative proceedings are "civil actions" under federal law. *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 790 (9th Cir. 2009). "[S]tates have no power directly to enlarge or contract federal jurisdiction." *Id*. at 789. The underlying purpose of § 1332 is to protect out-of-state defendants from a real or perceived home-field-advantage were proceedings to occur in a plaintiff's home state. *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001).

XPO filed a *de novo* review of the California Labor Commissioner's $171,938.25 award to Avalos. This *de novo* review is a "civil action," as provided under federal law. *BNSF*, 572 F.3d at 790. Therefore, where the diversity and amount-in-controversy requirements of § 1332 are also satisfied, as they are in this case, the federal court has original jurisdiction. Additionally, XPO, as master of its claim, must abide by its choice of forum. *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1261 (9th Cir. 1988). By not filing its claim in district court initially, XPO forfeited its right to a federal forum. *Id*. at 1260.

Additionally, XPO argues that California Labor Code § 98.2 (a state statute) supersedes 28 U.S.C § 1332 (a federal statute) and precludes XPO from filing its appeal in district court initially. However, if this were true, it would logically follow that § 98.2 would supersede the federal removal statute as well, thereby barring XPO from removal. Instead, XPO contends that federal law is impotent only *until* an administrative claim is filed in state court, and that only upon filing its appeal in state court does the district court become an available forum. This argument holds no weight as the "Supremacy Clause invalidates state laws that interfere with, or are contrary to, federal law." *Hillsborough Cnty., Fla. v. Automated Med. Labs., Inc.* 471 U.S. 707, 713 (1985) ("Even where Congress has not completely displaced state regulation in a specific area, state law is nullified to the extent that it actually conflicts with federal law.") (citations and internal quotation marks omitted). In fact, because the requirements of § 1332 were satisfied when XPO filed its appeal, XPO could have filed its appeal in district court initially.

Thus, the Court finds that XPO forfeited its right to a federal forum by filing its appeal in state court instead.

## V. CONCLUSION

For the reasons stated above, the Court finds that XPO forfeited its right to a federal forum by filing its appeal in state court initially. Thus, the Court **GRANTS** Avalos' Motion to Remand.

**IT IS SO ORDERED.**

                                                      :

Initials of Preparer